Rafael Vidal, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, P. R., recurrido.

No. 789.—*Sometido:* Noviembre 9, 1929. *Resuelto:* Diciembre 19, 1929.

P. *Fajardo Martínez,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

En un expediente de apremio por falta de pago de contribuciones la colecturía de rentas internas de Mayagüez, embargó primero, y vendió en subasta después una finca urbana en la calle Eugenio M. de Hostos, de Mayagüez. La subasta tuvo lugar el 14 de septiembre de 1928; se cumplieron las formalidades legales, antes de la subasta y en ella; y se adjudicó la finca a Rafael Vidal. El colector expidió, en 5 de abril de 1929, el certificado de compra, que se inscribió en el registro de la propiedad en 16 de septiembre de 1929. En 16 de octubre de 1929, Rafael Vidal y su esposa acudieron al registrador de la propiedad, acompañando la certificación expedida por el colector con referencia a la compra, y pidiendo que en el registro se hiciera constar la consumación de la venta. El registrador denegó tal petición en la forma que sigue:

"Denegada la consumación de la venta que comprende el precedente documento, que es un certificado de compra de bienes inmuebles expedido por M. García Salgado, Colector de Rentas Internas de esta ciudad, el cinco de abril último, en el caso de embargo número 5158–3853, por no haber transcurrido un año desde

la fecha de dicho certificado de compra y disponer el artículo 348 del Código Político, según fué enmendado por la Ley de marzo 10 de 1910, que el derecho de redención únicamente podrá verificarse dentro del término de un año contado desde la fecha del certificado de compra, cuya provisión de ley aparece conspicuamente en dicho certificado de compra; y tomada en su lugar anotación preventiva por término legal a favor de Rafael Vidal, con vista de un escrito, . . . "

Contra esa nota se interpuso el presente recurso.

El artículo 348 del Código Político de Puerto Rico, es como sigue:

"Art. 348.—El dueño de cualesquiera bienes inmuebles, que en lo sucesivo se vendieren para el pago de contribuciones, sus herederos o cesionarios, o cualquiera persona que tuviere algún derecho o interés en los mismos, podrá redimirlos dentro del término de un año contado desde la fecha del certificado de compra, . . . "

Esa es la ley, por la que se establece la redención de la propiedad embargada, y el término para ejercitar tal derecho.

La cita que el recurrente hace del artículo 351 del mismo código, no es atendible. El contexto del artículo es éste:

"Art. 351.—Después de vencido el término de noventa días, a contar de la fecha de la venta de cualquier propiedad inmueble para el pago de contribuciones, el Registrador de la Propiedad del Distrito dentro del cual se haya verificado la venta, y mediante el pago de dos dollars por derecho u honorarios extenderá, registrará y entregará a la persona a quien el certificado de compra haya sido expedido o cedido, una escritura, etc."

Como se ve del mismo texto aparecen estas palabras "entregará a la persona a quien el certificado de compra haya sido expedido o cedido"; lo que demuestra que la ley no tiene por hecha la venta hasta que se expide el certificado.

*Se confirma la nota recurrida.*